## Ebald v. Philadelphia

180

*S. Gorson,* for plaintiff.

*A. L. Freedman,* for defendant.

LEVINTHAL, J., March 29, 1956.—Plaintiff, by this action in assumpsit against the City of Philadelphia, seeks to recover compensation for a disabling heart disease allegedly caused on March 25, 1955, by "extreme over-exertion in times of stress and danger" in the course of his duties as a policeman for the city. The suit is based upon the Act of June 28, 1935, P. L. 477, as amended September 27, 1951, P. L. 1473, 53 PS §327, which provides for compensation of policemen and firemen throughout the State of Pennsylvania for diseases of the heart and lungs, in the same manner as occupational disease disabilities are com-

pensable under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §1201 et seq.

The City of Philadelphia has filed preliminary objections to the complaint. Its principal contention is that the Act of 1935, as amended, does not apply to Philadelphia employes because that statute has been superseded by Philadelphia Civil Service Regulation 32, promulgated in accordance with the Philadelphia Home Rule Charter. An examination of the provisions of regulation 32 discloses a comprehensive program for disability compensation for policemen, inter alia, entirely independent of and, on some points, in conflict with the Statewide plan set forth in the Act of 1935, as amended.

The First Class City Home Rule Act of April 21, 1949, P. L. 665, sec. 17, 53 PS §3421.17, vests in the City of Philadelphia:

(1) "all powers and authority of local self-government . . .";

(2) "complete powers of legislation and administration in relation to its municipal functions";

(3) the right to provide in its charter for "the exercise of any and all powers relating to its municipal functions . . . to the full extent that the General Assembly may legislate in reference thereto as to cities of the first class, and with like effect";

(4) power to "enact ordinances, rules and regulations necessary and proper for carrying into execution the foregoing powers and all other powers vested in the city by the charter it adopts or by this or any other law."

The superseding effect of the Home Rule Charter is clearly established by section 11 of the First Class City Home Rule Act, 53 PS §3421.11, which provides:

"Any new charter or amendments to the charter . . . shall become the organic law of the city. . . . So far as the same are consistent with the grant of

powers and the limitations, restrictions and regulations hereinafter prescribed, they shall supersede any existing charter and all acts or parts of acts, local, special, or general, affecting the organization, government and powers of such city, to the extent that they are inconsistent or in conflict therewith."

By way of limitation, section 18 of the enabling act, 53 PS §3421.18, provides that "no city shall exercise powers contrary to, or in limitation or enlargement of, powers granted by acts of the General Assembly which are . . .

"(b) Applicable in every part of the Commonwealth.

"(c) Applicable to all the cities of the Commonwealth."

Plaintiff concedes that the Home Rule Charter supersedes State statutes on matters of local concern. He argues, however, that since the Act of 1935, as amended, expressly includes "any county, city, borough, town or township", it falls within the limitations (b) and (c) of section 18, and, therefore, is applicable to the City of Philadelphia. Plaintiff's argument ignores the decision of our Supreme Court in Lennox v. Clark, 372 Pa. 355 (1953). There the court noted, at p. 378, the "erroneous impression . . . regarding section 18 of the Home Rule Act which forbids the city to exercise powers contrary to powers granted by acts of the General Assembly applicable in every part of the Commonwealth or to all the cities of the Commonwealth", and declared that it is "abundantly clear that the limitations of power referred to in section 18 concern only laws in relation to substantive matters of Statewide concern, such as the health, safety, security and general welfare of all the inhabitants of the State, and not to matters affecting merely the *personnel* and *administration* of the offices local to Philadelphia and which are of no concern to

citizens elsewhere. Any other conclusion would reduce the Charter to a mere scrap of paper and make the much heralded grant of Philadelphia home rule an illusion and a nullity".

We are unable to see how disability compensation for Philadelphia firemen and policemen can be considered a *substantive matter of Statewide concern.* Certainly, the municipal employer, rather than the Commonwealth, has the more vital interest in the health, welfare, efficiency and morale of its personnel, and is more peculiarly suited to ascertain and meet their legitimate needs.

Plaintiff argues also that since the date of the passage of the amendment to the Act of 1935, to wit, September 27, 1951, was subsequent to the date of the charter's approval by the electorate of Philadelphia, to wit, April 17, 1951 (although it was prior to the effective date of the charter, to wit, January 7, 1952), the legislature has indicated an intent to include Philadelphia within the scope of the amendment by reason of its failure explicitly to except home rule cities from the purview of the amendment. We are of the opinion that the legislature's silence as to home rule cities is no indication of its intent in this regard. It may just as reasonably be contended that the legislature regarded it as unnecessary expressly to exclude home rule cities from the scope of the amendment, because it knew that after the charter became effective the City of Philadelphia could, by regulation duly adopted, supersede the provisions of the amendment.

Lastly, plaintiff contends that regulation 32 cannot displace a statute of the General Assembly because it is only an administrative promulgation unsupported by an ordinance of city council. We cannot agree. Since it is evident that the framers of the Home Rule Charter intended matters affecting personnel administration to be governed exclusively by civil service reg-

ulations, a supporting ordinance of city council not only becomes unnecessary but would be invalid as in derogation of the powers vested by the charter in the Personnel Director and the Civil Service Commission: sections 7-400 and 7-401 of Home Rule Charter. See also Fagan v. McNamee, Fire Commissioner, 86 D. & C. 119, 124 (1953).

It is clear that under the Home Rule Charter an entirely new and comprehensive civil service system was established, with the Personnel Director charged with the duty to "prepare, and after their adoption, administer the civil service program under the civil service regulations": Home Rule Charter, sections 7-100, 7-400. These regulations are to provide for all incidents of employment, as enumerated in section 7-401. The disability compensation plan of regulation 32 is clearly within the orbit of subsection (*t*) of section 7-401, with its broad authorization to develop and operate "programs to improve *the work effectiveness* and *morale* of employees of the City, including safety, *health, welfare*, recreation, training and education and *labor relations*. . . ." (Italics supplied.) Furthermore, regulation 32 may reasonably be considered as authorized by subsection (*b*) of section 7-401, providing for: "A pay plan for all employees in the civil service."

In our opinion, defendant's preliminary objection no. 2 must be sustained, because the Act of 1935, as amended, upon which plaintiff relies, has been superseded by Civil Service Regulation 32. It is, therefore, unnecessary for us to consider defendant's other preliminary objections based upon the alleged unconstitutionality of the Act of 1935, as amended.

Defendant's preliminary objection no. 2 to plaintiff's complaint is hereby sustained. Since the defect in plaintiff's complaint cannot be cured by amendment, plaintiff's action is hereby dismissed, without prejudice to his right to seek compensation from the City

of Philadelphia in accordance with the provisions of Civil Service Regulation 32.